**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CRAIG EDWARD MARSHALL REYNOLDS,**
Plaintiff,

v.

**THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**
Defendant.

Civil Action No. 3:25-cv-565-KDB

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO COMPEL DISCLOSURE OF MEDICAL RECORDS UNDER FEDERAL LAW**

**PRELIMINARY STATEMENT**

1. This is an action to compel the production of the Plaintiff's own protected health information (PHI), which is being unlawfully withheld by The Hartford Life and Accident Insurance Company ("The Hartford") in violation of Plaintiff's right of access under the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.524.

2. The Hartford received, reviewed, and relied on Plaintiff's PHI while conducting a clinical evaluation in the course of administering an ADA-related workplace accommodation request on behalf of Plaintiff's former employer.

3. Despite multiple written requests for access to this PHI, The Hartford has refused to release the records, claiming, falsely and in bad faith, that HIPAA does not apply. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. § 2201 and 28 U.S.C. § 1331 to compel Defendant to release this federally protected information.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically 45 C.F.R. § 164.524 and HIPAA.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this district.

**PARTIES**

6. Plaintiff **Craig Edward Marshall Reynolds** is an adult citizen and resident of Mecklenburg County, North Carolina. He is the subject of the protected health information at issue in this case.

7. Defendant **The Hartford Life and Accident Insurance Company** is a Connecticut corporation with its principal place of business in Hartford, Connecticut. The Hartford conducts business in North Carolina and acted as a third-party administrator in connection with Plaintiff's ADA claim.

## FACTUAL ALLEGATIONS

8. In March 2025, Plaintiff submitted a formal request for reasonable accommodation under the ADA, including a physician-signed ADA Medical Assessment form.

9. The Hartford received this documentation and performed a clinical review of Plaintiff's PHI to determine whether accommodation would be granted.

10. On July 22 and July 24, 2025, Plaintiff submitted written requests to The Hartford demanding access to all PHI received, created, or maintained as part of that clinical review.

11. The Hartford denied the request, stating that HIPAA does not apply because the information was processed in connection with an ADA administrative claim.

12. In denying this request with the unsupported claim that HIPAA does not apply because the records were processed for an ADA administrative claim, The Hartford's position is contrary to the plain requirements of 45 C.F.R. § 164.524(a)(1) which would preclude access if such PHI documents expressly fell into one of two narrow exceptions, which the Defendant has not asserted in either of its refusal letters, forfeiting that waiver.

13. The Hartford received and reviewed Plaintiff's physician-submitted ADA Medical Assessment form and other PHI and qualifies as a **business associate** under 45 C.F.R. § 160.103 in this context.

14. Defendant has no lawful basis to withhold Plaintiff's own PHI records.

## CAUSE OF ACTION

**Count I – Violation of HIPAA Right of Access (45 C.F.R. § 164.524)**
**Seeking Declaratory and Injunctive Relief**

15. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

16. Plaintiff has a legal right to obtain a copy of his PHI under 45 C.F.R. § 164.524.

17. Defendant has refused to comply with this lawful request, despite having acknowledged receipt and review of the PHI.

18. Plaintiff is entitled to a declaratory judgment that he has a right to access his PHI and an order requiring Defendant to immediately produce the requested records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue a declaratory judgment that Plaintiff has a right under 45 C.F.R. § 164.524 to obtain his PHI from The Hartford;

b. Enter a permanent injunction enjoining Defendant from continuing to withhold access to Plaintiff's protected health information, and compelling Defendant to produce all PHI in its possession, custody, or control related to Plaintiff's ADA claim, including but not limited to:

- All documentation received from any healthcare provider, treating physician, or medical representative of Plaintiff;

- All versions of the ADA Medical Assessment forms submitted on, between, or around March 19 and March 24, 2025;

- All internal clinical review notes, assessments, or determinations made by vocational case managers, medical consultants, or third-party evaluators;

- All correspondence or memoranda referencing Plaintiff's medical condition, functional limitations, or accommodation requests;

- All entries within any claim, administrative, or vocational management system maintained by Defendant that reflect or summarize Plaintiff's PHI;

- Any part of Defendant's "designated record set," as defined under 45 C.F.R. § 164.501, that was used to make decisions about Plaintiff.

c. Award reasonable costs and any other relief the Court deems just and proper.

Dated: July 25, 2025

Respectfully submitted,

Craig Edward Marshall Reynolds (Pro Se Plaintiff)
1428 Nature Place, Charlotte, NC 28214
trekkie0805@gmail.com (410) 849-9832